Luz E. Mendoza (SBN 303387)
Matthew P. Minser, Esq. (SBN 296344)
SALTZMAN & JOHNSON LAW CORPORATION
5100-B1 Clayton Road, Suite 373
Concord, California 94521
Telephone: (510) 906-4710
Email: lmendoza@sjlawcorp.com
Email: mminser@sjlawcorp.com

Attorneys for Plaintiffs, Sheet Metal Workers
Pension Trust of Northern California, et al.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEET METAL WORKERS PENSION TRUST OF NORTHERN CALIFORNIA; <br><br> RICK WERNER and SEAN O'DONOGHUE, Trustees, <br><br> Plaintiffs, <br><br> v. <br><br> PRIME MECHANICAL SERVICE, INC., a California Corporation, <br><br> Defendant. | Case No.: <br><br> **COMPLAINT** |

<u>Parties</u>

1.     The Sheet Metal Workers Pension Trust of Northern California is an employee benefit plans as defined in the Employee Retirement Income Security Act of 1974 ("ERISA") § 3(3), 29 U.S.C. § 1002(3) and is a multi-employer plan as defined by ERISA §3(37)(A) (29 U.S.C. §1002(37)(A)). The Boards of Trustees of the Sheet Metal Workers Pension Trust of Northern California are the named fiduciaries under ERISA §402(a), 29 U.S.C. §1002(a). Plaintiffs Rick Werner and Sean O'Donoghue are Trustees of the Sheet Metal Workers Pension Trust of Northern California with authority to act on behalf of all Trustees. Plaintiffs Rick Werner and Sean O'Donoghue as Trustees are authorized to bring suit and collect monies for Plaintiffs, including all

1   other funds to which Defendant is obligated to contribute under the Bargaining Agreement(s)
2   described below. These employee benefit plans and their fiduciaries are together referred to herein as
3   "ERISA Plaintiffs" or "Plaintiffs".

4       2.    Prime Mechanical Service, Inc., a California corporation ("Defendant") is an
5   employer by virtue of ERISA § 3(5), 29 U.S.C. § 1002(5), and NLRA § 2(2), 29 U.S.C. § 152(2).

### Jurisdiction

7       3.    Jurisdiction exists in this Court over the claims asserted by ERISA Plaintiffs by virtue
8   of ERISA § 502, 29 U.S.C. § 1132, in that ERISA Plaintiffs seek to enforce the provisions of ERISA
9   and the terms of their plans, seek to enjoin the acts and practices which violate ERISA, seek equitable
10  relief to redress such violations, and seek all other appropriate relief under ERISA.

11      4.    Jurisdiction exists in this Court over all the claims by virtue of the Labor Management
12  Relations Act ("LMRA") § 301, 29 U.S.C. § 185, in that Plaintiffs seek to enforce the terms and
13  conditions of a valid Bargaining Agreement.

14      5.    To the extent jurisdiction over any claim does not exist under ERISA or the LMRA,
15  supplemental jurisdiction exists in this Court over such claims by virtue of 29 U.S.C. § 1367 in that
16  they arise out of a common nucleus of operative facts that form the basis of the federal claims asserted
17  herein, each of which has a substantial ground in federal jurisdiction.

### Venue

19      6.    Venue is conferred upon this Court by ERISA § 502, 29 U.S.C. § 1132. Where an
20  action is brought under ERISA § 502 in a district court of the United States, it may be brought at
21  Plaintiffs' discretion, in the district where the plan is administered, where the breach took place, or
22  where a defendant resides or may be found, and process may be served in any other district where a
23  defendant resides or may be found. ERISA Plaintiffs' Trust Funds are administered in this district at
24  their principal place of business in San Ramon, California. Thus, jurisdiction and venue are properly
25  grounded with this Court.

26      7.    Venue exists in this Court with respect to the claims under LMRA § 301(a), 29 U.S.C.
27  § 185, as this Court has jurisdiction over the parties, as the Union maintains its principal place of
28  business in this district, its duly authorized officers or agents are engaged in representing employee

members in this district, and the claims arise in this district.

## Intradistrict Assignment

8. The basis for assignment of this action to this court's Oakland Division is that all of the events and omissions giving rise to Plaintiffs' claims occurred in the County of Alameda, where ERISA Plaintiffs' Funds and the Bargained Entities are administered, and where Defendant therefore failed to fulfill its statutory and contractual obligations to Plaintiffs.

## Bargaining Agreement

9. Prime Mechanical Service, Inc. entered into the Standard Form of Union Agreement between Sheet Metal Workers' International Association Local Union No. 104 and Bay Area Association of SMACNA Chapters ("SMACNA"). The Standard Form of Union Agreement is referred to herein as the "Bargaining Agreement." The Bargaining Agreement, which incorporates the terms of the Trust Agreements establishing the Trust Funds ("Trust Agreements"), require Defendant to make payment of employer contributions to Plaintiffs' Trust Funds, to the union for union dues, and to the other plans more fully described in the Bargaining Agreements and the Plan Documents of the ERISA Trusts. ERISA Plaintiffs are third-party beneficiaries of the Bargaining Agreement.

10. Under the terms of the Bargaining Agreement, and the Trust Agreements incorporated therein, Defendant is required to pay certain contributions to: Sheet Metal Workers Local 104 Health Care Trust, Sheet Metal Workers Local 104 Supplemental Pension Fund, Sheet Metal Workers Local 104 Vacation-Holiday Savings Fund, Sheet Metal Workers Local 104 And Bay Area Industry Training Fund, Sheet Metal Workers' ("SMW") 104 Union Dues Check-off, SMW 104 Vacation, SMW Local 104 Health Care Plan, SMW Northern California Pension Plan, SMW National Pension Plan, SMW Local 104 Supplemental Pension Fund, SMW Local 104 and Bay Area Industry Training Fund, International Training Institute, National Energy Management Institute Committee, Sheet Metal Occupational Health Institute Trust, and SMACNA Industry Fund (collectively referred to herein as the "Bargained Entities") and dues to the Union. Plaintiffs' Boards of Trustees have been authorized to collect and distribute monies due to the Bargained Entities under the Bargaining Agreement and Trust Agreements.

-3-
COMPLAINT
Case No.:

11. Under the Bargaining Agreement, and the Trust Agreements incorporated therein, Defendant is required to regularly pay to ERISA Plaintiffs, the Bargained Entities, and the Union, certain sums of money, the amounts of which are determined by the hours worked by Defendant's employees. Contributions are due on the twenty-second (22nd) day of the month following the month during which hours were worked and are considered delinquent if not received by that day. Also, under the terms of the Bargaining Agreement, and the Trust Agreements incorporated therein, Defendant is required to pay liquidated damages for each delinquent contribution payment, and interest on unpaid contributions from the delinquent date until paid, at the rates set by the Bargaining Agreement and Trust Agreements. Finally, the Bargaining Agreement and the Trust Agreements require Defendant to reimburse Plaintiffs for attorneys' fees and costs incurred in relation to the collection of Defendant's delinquent contributions.

12. The Bargaining and Trust Agreements further require Defendant to maintain time records or time cards, and to permit an authorized Trust Fund representative to examine such records of Defendant as is necessary to determine whether Defendant has made full payment of all sums owed to ERISA Plaintiffs. Should an audit of Defendant's records reveal Defendant has failed to provide full and prompt payment of all sums due to Plaintiffs, Defendant must reimburse Plaintiffs for the amounts due, including audit fees, in addition to any other obligations pursuant to the Bargaining and Trust Agreements.

Factual Allegations

13. Defendant has failed to submit payment of amounts found due on an audit of its payroll records for the period from October 1, 2017 through December 31, 2021. Liquidated damages and interest are due on the unpaid fringe benefit contributions due pursuant to the audit.

14. Plaintiffs are also entitled to recover any and all other contributions, and all liquidated damages and interest on delinquent contributions not specified above, found due on timecards, further audit, or otherwise, including estimated contributions for any months Defendant failed to report to Plaintiffs, through the time of Judgment. Plaintiffs reserve the right to conduct a further audit to determine whether there are any additional amounts due from Defendant.

**FIRST CAUSE OF ACTION**
**For Payment of Delinquent Contributions, Interest, Liquidated Damages, Attorneys' Fees and Costs Against Defendant**

15. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 14, above.

16. Defendant has a contractual duty to timely pay the required contributions to Plaintiffs and the Bargained Entities, and to timely pay dues to the Union, pursuant to the Bargaining Agreement and Trust Agreements. Defendant also has a contractual duty under the Bargaining Agreement, and Trust Agreements incorporated therein, to permit an audit of its records to determine whether it is making full and prompt payment of all sums required to be paid by it to Plaintiffs, and to pay Plaintiffs all amounts found due as a result of an audit, including audit fees.

17. In addition, Defendant has a statutory duty to timely make the required payments to Plaintiffs under ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301(a).

18. By failing to make the required payments to Plaintiffs, Defendant breached the Bargaining Agreement and Trust Agreements and is in violation of ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301(a).

19. Defendant's failure and refusal to pay the required contributions, plus liquidated damages and interest thereon and on late-paid contributions, was at all times, and still is, willful. Defendant continues to breach the Bargaining Agreement, and incorporated Trust Agreements by failing to pay all amounts owed as alleged. Said refusal is unjustified and done with knowledge and intent.

20. ERISA Plaintiffs are without an adequate remedy at law and will suffer continuing and irreparable injury, loss and damage unless Defendant is ordered specifically to perform all obligations required on Defendant's part to be performed under ERISA, 29 U.S.C. §§ 1101-1381, the LMRA, 29 U.S.C. §§ 141-197, and the Bargaining Agreement and Trust Agreements, and are restrained from continuing to refuse to perform as required thereunder.

21. This Court is authorized to issue injunctive relief based on the traditional standard. As set forth above, ERISA Plaintiffs have a strong likelihood of success on the merits. There is the possibility that ERISA Plaintiffs' Trust Funds and their participants will suffer irreparable injuries. The balance of hardships and advancement of public interest favor ERISA Plaintiffs.

22. This Complaint does not in any manner relate to statutory withdrawal liability that may or may not be assessed against Defendant. ERISA Plaintiffs expressly reserve the right to pursue any such withdrawal liability claims against Defendant as provided by ERISA Plaintiffs' Plan Documents, Trust Agreements, and the law.

## Prayer

WHEREFORE, Plaintiffs pray as follows:

1. For a judgment against Defendant as follows:

   (a) Any unpaid contributions, due at time of Judgment, including those specified above as well as any other contributions determined as due by further audit, timecards, or otherwise, including estimated contributions for any months Defendant fails to report to Plaintiffs, pursuant to ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A);

      i. To ERISA Plaintiffs and the Bargained Entities, in accordance with ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A) and the Bargaining Agreement;

      ii. To the Union in accordance with the Bargaining Agreement.

   (b) Liquidated damages on all late-paid and unpaid contributions in an amount provided for under the Bargaining and Trust Agreements, and with respect to ERISA Plaintiffs, ERISA § 502(g)(2)(c), 29 U.S.C. § 1132(g)(2)(c).

   (c) Interest on all late-paid and unpaid contributions at the rates set in accordance with the Bargaining Agreement, the Trust Agreements, and ERISA § 502(g)(2)(B), 29 U.S.C. § 1132(g)(2)(B).

2. Plaintiffs' reasonable attorneys' fees and costs of this action, including any audit fees, in accordance with ERISA § 502(g)(2)(D) and (E), 29 U.S.C. § 1132(g)(2)(D) and (E); and in accordance with the Bargaining Agreement for all Bargained Entities; and with LMRA § 301, 29 U.S.C. § 185, for all Plaintiffs.

3. For an order,

   (a) requiring that Defendant comply with its obligations to Plaintiffs under the terms of the Bargaining Agreement and the Trust Agreements;

   (b) enjoining Defendant from violating the terms of those documents and of

1 | ERISA; and

2 | (c) enjoining Defendant from disposing of any assets until said terms have been
3 | complied with, and from continuation or operation of Defendant's business until said terms have been
4 | complied with.

5 | 4. That the Court retain jurisdiction of this case pending compliance with its orders.

6 | 5. For such other and further relief as the Court may deem just and proper.

Dated:  December 1, 2023                               SALTZMAN & JOHNSON
                                                       LAW CORPORATION

                                        By:                    /S/
                                                       Matthew P. Minser
                                                       Luz E. Mendoza
                                                       Attorneys for Plaintiffs

-7-
**COMPLAINT**
**Case No.:**