UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEET METAL WORKERS PENSION TRUST OF NORTHERN CALIFORNIA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>PRIME MECHANICAL SERVICE, INC.,<br><br>Defendant. | Case No. 23-cv-06213-LJC<br><br>**ORDER RE: PROPOSED JUDGMENT PURSUANT TO STIPULATION**<br><br>Re: ECF No. 8 |

Pending before the Court is Plaintiffs Sheet Metal Workers Pension Trust of Northern California, et al.'s proposed Judgment Pursuant to Stipulation. ECF No. 8. Plaintiffs request that the Court enter judgment against "Defendants" and in Plaintiffs' favor in the total amount of $170,730.87, pursuant to the terms of the parties' stipulation. See id. However, Plaintiffs have not filed proof of service indicating that Defendant Prime Mechanical Service, Inc. was properly served with summons and a copy of the Complaint pursuant to Federal Rule of Civil Procedure 4. Nor has counsel for Defendant entered an appearance in this case. Under Rule 4(l) of the Federal Rules of Civil Procedure, unless service is waived, proof of service must be made to the Court. If Defendant has not been properly served, Plaintiffs are directed to complete service as contemplated by Rule 4, and file proof of service soon thereafter, or file proof that service of summons has been waived.

The Court also noted that Plaintiffs request that the Court enter judgment against John M. Eshelman, who is not a party named in their Complaint. See ECF No. 1. Mr. Eshelman's signature for himself, individually, is not dated, and it appears to be a generic electronic signature. Similarly, Mr. Eshelman's signature as RMO/CEO/President of Prime Mechanical Service, Inc. is also undated and appears to be a generic electronic signature. Local Rule 5-1(i)(3) requires,

among other things, "[i]n the case of a signatory who is not an ECF user, or who is an ECF user but whose user ID and password are not utilized in the electronic filing of the document (as in the case of documents requiring multiple signatures), the filer of the document shall attest that each of the other Signatories have concurred in the filing of the document, which shall serve in lieu of their signatures on the document." The proposed Judgment Pursuant to Stipulation does not comply with Rule 5-1(i)(3).

Finally, Plaintiffs do not indicate in the proposed Judgment Pursuant to Stipulation whether they intend to amend their complaint to add Mr. Eshelman as a defendant before judgment is entered against him. No later than four days from the date of this Order, Plaintiffs must file a letter of no more than three pages explaining how the Court can enter judgment against Mr. Eshelman without an Amended Complaint, or alternatively, file an amended complaint which joins Mr. Eshelman as a party to this action. If Mr. Eshelman is joined as a party, he must also be served with summons and a copy of the complaint naming him as a defendant pursuant to Rule 4, unless service is waived.

Finally, it is well settled that "no action of the parties can confer subject-matter jurisdiction upon a federal court" and "the consent of the parties is irrelevant." Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982). On the other hand, under Kokken v. Guardian Life Insurance Co. of America, 511 U.S. 375, 381–82 (1994), a district court may enforce a settlement agreement if the court retains jurisdiction to enforce the settlement agreement. Kokken states that when the dismissal is pursuant to Rule 41(a)(1)(ii), "the court is authorized to embody the settlement contract in its dismissal order or, what has the same effect, retain jurisdiction over the settlement contract if the parties agree." Id.

//
//
//
//
//
//

2

Line 25 of the proposed Judgment Pursuant to Stipulation appears to be insufficient to extend this Court's jurisdiction, as it references the parties' agreement to extend jurisdiction until the judgment is satisfied, but it does not reference the parties' agreement to extend the Court's jurisdiction to enforce the terms of the parties' settlement agreement which, implicitly, appears to be the basis for the proposed Judgment Pursuant to Stipulation.

**IT IS SO ORDERED.**

Dated: December 4, 2023

_____
LISA J. CISNEROS
United States Magistrate Judge